IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| REEFER SYSTEMS, INC., and WILLIAM WILLETT, | ) ) ) | |
| Plaintiffs, | ) ) | 8:16CV93 |
| v. | ) ) | |
| SOUTHARD FINANCIAL, LLC, KELLY FINNELL, and EXECUTIVE FINANCIAL SERVICES, INC., | ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court on the motion of defendants, Kelly Finnell and Executive Financial Services, Inc. ("EFS") (hereinafter collectively the "Finnell defendants"), to dismiss (Filing No. 23).  The matter has been fully briefed by the parties.  *See* Filing Nos. 23-1, 30, and 33.  After review of the motion, the parties' briefs, and the applicable law, the Court finds as follows.

**BACKGROUND**

This case arises out of "the creation, implementation, valuation, and application" of an employee stock ownership plan ("ESOP") on behalf of the plaintiff, William Willett's ("Willett") company, Reefer Systems, Inc. ("Reefer") (Filing No. 1 at 1).  In the early part of 2009, Kelly Finnell spoke to Willett about establishing an ESOP for Reefer (*Id.* at 3).  On

January 21, 2010, Reefer hired Southard Financial, LLC ("Southard"), at the recommendation of the Finnell defendants, to perform "valuation and financial advisory services" for Reefer and "the yet-to-be formed ESOP."  (*Id.*); *see also id.* at 4 (stating EFS would assist in finding "a valuation expert (appraiser)").

Three months later, on April 21, 2010, Reefer and EFS entered into a contract whereby EFS would provide various consulting services "including, without limitation:  assisting with the creation and coordination of the 'ESOP team' . . . drafting the ESOP document and [s]ummary [p]lan [d]escription and submitting the ESOP to the IRS requesting a [f]avorable [d]etermination [l]etter."  (*Id.*)  EFS drafted the ESOP, the trust agreement, and the stock purchase agreement (*Id.*)

On December 17, 2010, the ESOP was executed (*Id.* at 4-5).  The trust, set up for the ESOP, under the direction of Daniel Bracht as trustee, paid $10 million for 30% of Reefer's stock.  *See id.* at 5.  That same day, Southard issued a fairness opinion stating that "the stock sale of the ESOP of 30% of [Reefer] for $10 million d[id] not exceed the fair market value of [Reefer] as of December 17, 2010."  (*Id.*)

About eight months later, on August 26, 2011, Southard sent Kelly Finnell an email stating:

-2-

> I am in the process of providing
> Reefer Systems (Midland Carrier
> Transicold) with an update
> valuation as of December 31, 2010.
>
> I am running into the same type of
> issue we had with Security Seed,
> where we valued [t]he company on a
> control basis for a minority
> purchase under the assumption that
> the plan would specify that all
> future valuations would be on the
> same level.
>
> Doug and I were just looking at the
> plan document and it does not say
> that.
>
> Is this something you can help us
> with?
>
> We would prefer not to have to
> change the valuation methodology
> since that would result in a
> significant drop in value.

(*Id.*)  Three days later on August 29, 2011, Finnell answered the email and allegedly sent, "what purported to be a page from the ESOP [p]lan [d]ocument . . . ."  (*Id.*)  The email stated: "When 'valuing the assets comprising the Trust Fund at their fair market value, 'the Trustee shall not apply a 'minority interest discount' or 'discount for lack of marketability' when valuing [Reefer's] Stock."  (*Id.* at 5-6).

On October 30, 2013, "the United States Department of Labor ("DOL") . . . sent Reefer an audit letter notifying it of an audit of Reefer's ESOP . . . ."  (*Id.* at 6).  Then in August

-3-

of 2015, plaintiffs allege that they "learned that the DOL was taking the position that the initial valuation established by Southard . . . was overstated by millions of dollars." (*Id.*)

Plaintiffs filed the instant action on February 24, 2016, alleging various causes of action against Southard and the Finnell defendants. *See generally* Filing No. 1 at 6-12. Plaintiffs' claims against the Finnell defendants include: professional malpractice, negligent misrepresentation, fraudulent concealment, and breach of contract. (*Id.* at 9-12).

Plaintiffs specifically allege with respect to the professional malpractice claim, that "Finnell and EFS failed to obtain a [f]avorable [d]etermination [l]etter from the IRS and upon information and belief . . . knew the valuation and fairness opinion provided by Southard . . . was unlawful and incorrect and failed to inform [p]laintiffs of this fact." (*Id.* at 9). With respect to the negligent misrepresentation claim plaintiffs allege "Finnell and EFS supplied [p]laintiffs with false information that was intended for their guidance . . . [and] failed to exercise reasonable care and competency in supplying information regarding the ESOP." (*Id.* at 10). With respect to the fraudulent concealment claim, plaintiffs allege "[i]n effort to conceal their overstatement of the initial valuation relating to the ESOP, [d]efendants conspired to create a false document

-4-

and fraudulently concealed the fact that the initial valuation was overstated and not consistent with the ESOP plan documents." (*Id.*)  Finally, with respect to the breach of contract claim, plaintiffs allege "Finnell and EFS breached the agreement in the ways identified above."  (*Id.* at 11).  Through plaintiffs' brief the Court understands the breach of contract claim to be based on the Finnell defendants' failure to obtain a favorable determination letter from the IRS.  *See* Filing No. 30 at 18 (claiming "[p]laintiffs have clearly put the Finnell [d]efendants on notice that they are claiming they failed to obtain a [f]avorable [d]etermination [l]etter and have clearly alleged a breach of contract although the Finnell [d]efendants disagree with such a claim.").

On April 20, 2016, the Finnell defendants filed the instant motion to dismiss (Filing No. 23).  The Finnell defendants argue plaintiffs' causes of action should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(7), and 9(b).  (*Id.*)

**STANDARDS OF REVIEW**

**A. 12(b)(6)**

Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires a court "to draw on its judicial experience and common sense."

-5-

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  Federal Rule of Civil Procedure 8 requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 677-78) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

When considering a motion to dismiss under Rule 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff.  *Braden*, 588 F.3d at 591, 595.  In viewing the facts in this light, the Court must determine whether the complaint states any valid claim for relief.  *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).  Recitations of elements of a cause of action with mere conclusory statements fail to meet Rule 8's pleading requirements.  *Iqbal*, 556 U.S. at 678.  However, a plaintiff may

use legal conclusions to provide the framework of a complaint, so long as factual allegations support those legal conclusions. *Id.* at 678-79. Thus, a dismissal is likely "only in the unusual case in which a plaintiff includes allegations which show on the face of the complaint that there is some insuperable bar to relief." *Jackson Sawmill*, 580 F.2d at 306.

### B. 12(b)(7)

"When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) for 'failure to join a party under Rule 19,' Fed. R. Civ. P. 12(b)(7), the Court must first determine if the party is a 'necessary party' under Rule 19(a)(1)." *Rayeman Elements, Inc. v. Masterhand Milling, LLC*, No. 8:15CV89, 2015 WL 3658529, at *2 (D. Neb. June 12, 2015) (citing *Baker Group, L.C. v. Burlington N. & Santa Fe Ry. Co.*, 451 F.3d 484, 490 (8th Cir. 2006) (citing Fed. R. Civ. P. 19(a))). Under Rule 19 a party is "necessary" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of

-7-

> incurring double, multiple, or
> otherwise inconsistent obligations
> because of the interest.

Fed. R. Civ. P. 19(a)(1).  If the Court determines that "the party is 'necessary,' subject to service of process, and joinder would not deprive the Court of subject matter jurisdiction, then 'the court must order that the person be made a party.'"  *Rayeman Elements*, 2015 WL 3658529, at *3 (quoting Fed. R. Civ. P. 19(a)(2)).  "If the party is necessary' but joinder is not feasible because the party is not subject to service of process or joinder would 'deprive the Court of subject matter jurisdiction,' Fed. R. Civ. P. 19(a)(1), then the Court must determine under Rule 19(b), if 'in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'"  *Rayeman Elements*, 2015 WL 3658529 at *3 (quoting Fed. R. Civ. P. 19(b)); *see also Baker Group*, 451 F.3d at 490 (citing Fed. R. Civ. P. 19(b); *Ranger Transp., Inc. v. Wal-Mart Stores*, 903 F.2d 1185, 1187 n.2 (8th Cir. 1990) (citing Fed. R. Civ. P. 19(b))).  Rule 19(b) provides factors a court may consider when deciding if an action should proceed without the "necessary" party or be dismissed.  The factors courts consider include:

> (1) the extent to which a judgment
> rendered in the person's absence

-8-

> might prejudice that person or the
> existing parties;
> (2) the extent to which any
> prejudice could be lessened or
> avoided by:
> (A) protective provisions in the
> judgment;
> (B) shaping the relief; or
> (C) other measures;
> (3) whether a judgment rendered in
> the person's absence would be
> adequate; and
> (4) whether the plaintiff would
> have an adequate remedy if the
> action were dismissed for
> nonjoinder.

Fed.R.Civ.P. 19(b).

### C. 9(b)

Rule 9(b) of the Federal Rules of Civil Procedure provides that "a party must state with particularity the circumstances constituting fraud." This means the complaint must plead the who, what, when, where, and how of the fraud. *Accurate Communications, LLC v. Startel Corp.*, No. 4:05CV3286, 2006 WL 488717, at *4 (D. Neb. Feb. 28, 2006); *see also Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549-50 (8th Cir. 1997).

### DISCUSSION

The Court finds that the Finnell defendants' motion to dismiss should be granted in part and denied in part. The Court will grant the Finnell defendants' motion to dismiss as to

-9-

plaintiffs' breach of contract claim and deny the motion as to the rest of plaintiffs' claims.

## I. Materials to be Considered

As an initial matter, the Court must first decide which materials can be considered for purposes of this motion.  The Finnell defendants submitted an index in support of their motion to dismiss (Filing No. 24).  The index contains eight exhibits (*Id.*)  Plaintiffs' brief in opposition argues the motion to dismiss "is based . . . on documents outside the pleadings that . . . [t]he Court may not consider . . . without converting the [m]otion to [d]ismiss into a motion for summary judgment." (Filing No. 30 at 5) (citing *Brooks v. Midwest Heart Group*, 655 F.3d 796, 799-800 (8th Cir. 2011)).

Federal Rule of Civil Procedure 12(d) provides:

> If on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).  However, the United States Court of Appeals for the Eighth Circuit has held that "Rule 12(b)(6) motions are not automatically converted into motions for summary judgments simply because one party submits additional matters in

-10-

support of or opposition to the motion." *State ex rel. Nixon v.*
*Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) (citing
*Martin v. Sargent*, 780 F.2d 1334, 1336-37 (8th Cir. 1985)).
Exceptions exist that allow some extra-pleading materials to be
considered.  *See, e.g.*, *Coeur D'Alene Tribe*, 164 F.3d at 1107
(determining that materials that are part of the public record or
that do not contradict the complaint can be considered); *Piper*
*Jaffray Companies, Inc. v. Nat'l Union Fire Ins. Co. of*
*Pittsburgh, Pa.*, 967 F. Supp. 1148, 1152 (D. Minn. 1997) (stating
that materials that are "necessarily embraced by the pleadings"
are considered under 12(b)(6) motions).

The Eighth Circuit has directed that "'documents
necessarily embraced by the complaint are not matters outside the
pleading[s]'" under the meaning of Rule 12(d).  *Gorog v. Best Buy*
*Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2014) (quoting *Ashanti v.*
*City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)
(internal marks and cites omitted)).  Courts may "'consider . . .
documents whose contents are alleged in a complaint and whose
authenticity no party questions, but which are not physically
attached to the pleading.'"  *Kushner v. Beverly Enterprises,*
*Inc.*, 317 F.3d 820, 831 (8th Cir. 2003) (quoting *In re Syntex*
*Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996)).  Finally,
district courts have "'*complete discretion* to determine whether

-11-

or not to accept any material beyond the pleadings that is offered . . . .'"  *Svoboda v. Tri-Con Industries, Ltd.*, No. 4:08CV3124, 2008 WL 4754647, at *2 (D. Neb. Oct. 27, 2008) (quoting *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 701 (8th Cir. 2003) (internal quotation omitted)) (emphasis added).

Although plaintiffs dispute the Court's ability to consider the eight documents in the Finnell defendants' index (Filing No. 24), the plaintiffs do not challenge the authenticity of the documents.  *See* Filing No. 30 at 5-10.  Furthermore, several of the exhibits in the Finnell defendants' index are referred to in the complaint and thus "necessarily embraced" by it.  The Court finds that the ESOP (Exhibit 2), the trust agreement (Exhibit 3), the application for a favorable IRS determination letter (Exhibit 4), and the draft valuation (Exhibit 8) are all necessarily embraced by the complaint. Accordingly, in determining the present motion in accordance with Rule 12(d),[1] the Court will consider these materials as well as

---

[1] The restriction that the Court not consider materials outside the pleadings applies only to motions brought pursuant to Rule 12(b)(6) and 12(c).  *See* Fed. R. Civ. P. 12(d).  As the Finnell defendants' motion was brought pursuant to Rules 12(b)(7) and 9(b) in addition to Rule 12(b)(6), the restriction that the Court not consider materials outside the pleadings will impact only the Court's determination of the 12(b)(6) portion of the motion.

-12-

the complaint itself and the exhibits attached thereto (Filing Nos. 1-1, 1-2, and 1-3).

## II. Choice of Law Analysis

The contract executed between plaintiffs and the Finnell defendants, attached to the complaint as exhibit 2, provides that the agreement "shall be governed by the substantive law of the state of Tennessee." (Filing No. 1-2 at 2). "In determining whether a choice of law provision in the parties' agreement will be given effect, a federal court sitting in diversity looks to the choice of law principles of the forum state . . . ." *Florida State Bd. of Admin. v. Law Eng'g and Envtl. Servs., Inc.*, 262 F. Supp. 2d 1004, 1012 (D. Minn. 2003) (internal citations omitted). *See also John T. Jones Constr. Co. v. Hoot Gen. Constr. Co., Inc.*, 613 F.3d 778, 782 (8th Cir. 2010) ("We apply the choice-of-law rules of the forum state in a diversity action.").

Nebraska follows the Restatement (Second) of Conflict of Laws § 187. *See Am. Nat. Bank v. Medved*, 801 N.W.2d 230, 236-37 (Neb. 2011). Section 187 of the Restatement (Second) of Conflict of Laws provides:

> (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have

-13-

> resolved by an explicit provision
> in their agreement directed to that
> issue.
>
> (2) The law of the state chosen by
> the parties to govern their
> contractual rights and duties will
> be applied, even if the particular
> issue is one which the parties
> could not have resolved by an
> explicit provision in their
> agreement directed to that issue,
> unless either
>
> (a) the chosen state has no
> substantial relationship to the
> parties or the transaction and
> there is no other reasonable basis
> for the parties' choice, or
>
> (b) application of the law of the
> chosen state would be contrary to a
> fundamental policy of a state which
> has a materially greater interest
> than the chosen state in the
> determination of the particular
> issue and which, under the rule of
> § 188, would be the state of the
> applicable law in the absence of an
> effective choice of law by the
> parties.

Restatement (Second) of Conflict of Law § 187 at 561 (1971).

The Court finds that under Nebraska's choice of law rules, the parties' choice of law provision in the contract should govern.  The Court also finds the exceptions outlined in § 187 inapplicable.  The Finnell defendants have a substantial relationship to Tennessee and the Court finds the existence of a reasonable basis for the parties' choice of law.  In addition,

neither party contends that application of Tennessee state law would be contrary to a fundamental policy of Nebraska law.  The Court likewise finds application of Tennessee law to not be contrary to any fundamental policies of Nebraska state law.  Accordingly, the Court will apply Tennessee law to plaintiffs' claims for purposes of this motion.

### III. Motion to Dismiss Pursuant to Rule 12(b)(6)

#### A. Professional Malpractice Claim

The Court will deny the Finnell defendants' motion to dismiss plaintiffs' professional malpractice claim.  The Finnell defendants contend the exculpatory provision in the agreement, and/or the applicable statute of limitations bar(s) plaintiffs' claim for professional malpractice.  *See* Filing No. 23 at 1-2.  In addition, the Finnell defendants argue "[p]laintiffs failed to allege sufficient facts to state a plausible claim against EFS and Mr. Finnell . . . [t]herefore, pursuant to Fed. R. Civ. P. 12(b)(6), the claims should be dismissed." (*Id.* at 2) (citing *Iqbal*, 556 U.S. at 679).

Under Tennessee law, "[a]s a general rule . . . 'subject to certain exceptions, parties may contract that one shall not be liable for his negligence to another.'"  *Russell v. Bray*, 116 S.W.3d 1, 5 (Tenn. Ct. App. 2003) (quoting *Crawford v. Buckner*, 839 S.W.2d 754, 756 (Tenn. 1992)).  An exculpatory

-15-

clause "will be enforced by the courts so long as it does not extend to liability for willful or gross negligence and does not offend public policy." *Perez v. McConkey*, 872 S.W.2d 897, 904 (Tenn. 1994) (citing *Crawford v. Buckner*, 839 S.W.2d 754, 759-60 (Tenn. 1992); *Olson v. Molzen*, 558 S.W.2d 429, 430 (Tenn. 1977)). Tennessee courts also analyze "whether there [is] evidence of fraud or negligent misrepresentation" in determining whether or not to enforce an exculpatory agreement. *See Roopchan v. ADT Sec. Sys., Inc.*, 781 F. Supp. 2d 636, 648 (E.D. Tenn. 2011).

Plaintiffs allege claims of fraudulent concealment and negligent misrepresentation. (Filing No. 1 at 10-11). In accordance with the motion to dismiss standard, accepting as true plaintiffs' factual allegations and drawing all reasonable inferences in favor of the nonmoving party, the Court finds plaintiffs have produced evidence of fraud and/or negligent misrepresentations. The Court, applying applicable Tennessee law will therefore reject the Finnell defendants' argument that the exculpatory clause in the parties' agreement bars recovery for professional malpractice.

The Finnell defendants next argue that plaintiffs' professional malpractice claim is barred by Nebraska's two-year statute of limitations. *See* Filing No. 23-1 at 12 (citing Neb. Rev. Stat. § 25-222). Plaintiffs' complaint alleges "[p]rior to

-16-

August 2015, [p]laintiffs did not discover and reasonably could not have discovered their cause of action against [d]efendants." (Filing No. 1 at 6).

Because Tennessee law applies to the substantive law, Tennessee's statutes of limitation apply. *See* Neb. Rev. Stat. §§ 25-3203(a), 25-3204 (stating that under the Uniform Conflict of Laws Limitation Act, Neb. Rev. Stat. §§ 25-3201 through 25-3207, "[i]f a claim is based on the substantive law of another state . . . [that] state's statute of limitations will apply, as well as [that] state's accrual and tolling rules.").

Tennessee employs a one-year statute of limitation for professional malpractice claims. Tenn. Code Ann. § 28-3-104. Based on plaintiffs' factual allegations, accepted as true for purposes of the present motion to dismiss, the Court finds that defendants' motion to dismiss pursuant to the applicable statute of limitations should be denied. In addition, the Court finds that plaintiffs have alleged sufficient facts to survive defendants' motion to dismiss. Accordingly, defendants' motion to dismiss plaintiffs' professional malpractice claim will be denied.

### B. Breach of Contract Claim

The Court will grant the Finnell defendants' motion to dismiss plaintiffs' breach of contract claim. The Finnell

-17-

defendants seek dismissal of the breach of contract claim under Rule 12(b)(6), claiming that the exculpatory provision within the parties' agreement, the applicable statute of limitations, as well as plaintiffs' failure to allege sufficient facts require dismissal of the claim (Filing No. 23 at 1-2).

The Court finds, for the reasons outlined above, that Tennessee law should also govern the plaintiffs' breach of contract claim.  Under Tennessee law, in order to make out a prima facie case for a breach of contract claim, the plaintiff must satisfy three elements.  The elements are: (1) the existence of an enforceable contract; (2) the non-performance of a contractual duty amounting to a breach; and (3) damages caused by the breach.  *Ingram v. Cendant Mobility Fin. Corp.*, 215 S.W.3d 367, 374 (Tenn. Ct. App. 2006) (internal marks and cites omitted).

Plaintiffs, in their brief in opposition, seem to admit that their claim for breach of contract is unenforceable due to the exculpatory provision within the parties' agreement.  *See* Filing No. 30 at 10 (stating that "[t]he plain language of the [exculpatory] clause . . . expressly limits it to services provided under the EFS [a]greement, meaning . . . [the Finnell defendants] cannot be held liable *under the [a]greement* (i.e. breach of contract) . . . .") (emphasis in original).  In

-18-

addition, plaintiffs' breach of contract claim is centered on the contractual provision requiring the Finnell defendants to seek a favorable determination letter from the IRS. *See id.* at 18 (arguing that "[p]laintiffs have clearly put the Finnell [d]efendants on notice that they are claiming they failed to obtain a Favorable Determination Letter and have clearly alleged a breach of contract although the Finnell [d]efendants disagree with such a claim."). Because the Court will consider the application for a favorable determination from the IRS (Filing No. 24-4), and because the plaintiffs seem to admit that the exculpatory clause within the parties' agreement precludes plaintiffs' breach of contract claim, the Court finds that the Finnell defendants have met their burden under Rule 12(b)(6). The Court finds that plaintiffs have failed to state a valid claim for relief for their breach of contract claim. Accordingly, the Court will grant the Finnell defendants' motion to dismiss with respect to the plaintiffs' breach of contract claim.[2]

---

[2] Because of the findings explained above, the Court will forego discussion and determination of the Finnell defendants' claims that the applicable statute of limitations bars plaintiffs' recovery under a breach of contract claim. The Court will also forego consideration that plaintiffs have failed to plead facts sufficient enough to allege a breach of contract claim.

### C. Negligent Misrepresentation Claim

The Court will deny the Finnell defendants' motion to dismiss with respect to the plaintiffs' negligent misrepresentation claim.  The Finnell defendants seek to dismiss plaintiffs' negligent misrepresentation claim under Rule 12(b)(6) based on the exculpatory provision within the parties' agreement, and for failure to allege sufficient facts to establish the cause of action (Filing No. 23 at 1-2).  As discussed above, the Court will forego enforcement of the exculpatory clause with respect to the plaintiffs' tort claims due to plaintiffs' allegations and factual evidence of fraud and/or negligent misrepresentation.  Furthermore, the Court finds that plaintiffs have sufficiently satisfied Rule 8's pleading standard.  Accordingly, the Finnell defendants' motion to dismiss with respect to plaintiffs' negligent misrepresentation claim will be denied.

### D. Fraudulent Concealment Claim

The Court finds that the Finnell defendants' motion to dismiss plaintiffs' fraudulent concealment claim should be denied.  The Finnell defendants contend the fraudulent concealment claim should be dismissed due to plaintiffs' failure to allege sufficient facts to state a claim and/or plaintiffs' failure to plead fraud with particularity under Federal Rule of Civil Procedure 9(b) (*Id.*)  The Court finds that plaintiffs have

-20-

pled sufficient factual allegations to satisfy both Rule 8's notice requirement, as well as Rule 9's particularity requirement.  Accordingly, the Finnell defendants' motion to dismiss with respect to plaintiffs' fraudulent concealment claim will be denied.

### IV. Motion to Dismiss Pursuant to 12(b)(7)

Finally the Finnell defendants contend that dismissal is proper under Rule 12(b)(7).  Courts utilize a two-step approach for deciding motions brought pursuant to Rule 12(b)(7). *MeccaTech v. Kiser*, No. 8:05CV570, 2006 WL 2690063, at *2 (D. Neb. Sept. 18, 2006).  The first step is deciding whether the party to be joined is necessary under Rule 19(a). *MeccaTech*, 2006 WL 2690063, at *2.  The Court finds that the trustee of the ESOP is not a necessary party under Rule 19.  Therefore, the Court need not proceed to step two of the analysis.  The Finnell defendants' motion to dismiss pursuant to Rule 12(b)(7) will be denied.  Accordingly,

IT IS ORDERED:

1) The Finnell defendants' motion to dismiss is granted in part and denied in part.

2) The Finnell defendants' motion to dismiss plaintiffs' breach of contract claim is granted.

3) Plaintiffs' breach of contract claim is dismissed.

-21-

4) The Finnell defendants' motion to dismiss plaintiffs' professional malpractice claim is denied.

5) The Finnell defendants' motion to dismiss plaintiffs' negligent misrepresentation claim is denied.

6) The Finnell defendants' motion to dismiss plaintiffs' fraudulent concealment claim is denied.

7) The Finnell defendants' motion to dismiss pursuant to Federal Rule 12(b)(7) is denied.

DATED this 6th day of September, 2016.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court