# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| REEFER SYSTEMS, INC. and WILLIAM WILLETT,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTHARD FINANCIAL, LLC, KELLY FINNELL, and EXECUTIVE FINANCIAL SERVICES, INC.,<br><br>Defendants. | CASE NO. 8:16-CV-00093<br><br><br><br><br><br>**STIPULATED<br>PROTECTIVE ORDER** |

The Parties agree that during the course of discovery, it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The Parties jointly request entry of this Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

Having considered the parties' proposed Stipulated Protective Order, and pursuant to Federal Rule of Civil Procedure 26(c),

**IT IS HEREBY ORDERED** that the documents and information produced during the course of discovery herein shall be protected against inappropriate disclosure in accordance with the following terms and conditions:

1.  Scope of Order. This Order governs all Discovery Material (as defined below) designated as "Confidential" as provided herein and produced by a party to this action or any third party in response to any subpoena or discovery request in this action. Discovery

Material includes but is not limited to (i) hard copy or electronic documents, communications, pictures, drawings, programs or data of any kind whether in writing or recorded or maintained on paper or by electronic, audio, visually or any other means produced by a party to this action or by a third party in response to a subpoena, (ii) responses to requests for production of documents, (iii) answers to requests for admission, (iv) answers to interrogatories, (v) deposition testimony transcripts or recordings, (vi) responses to subpoenas duces tecum, (vii) all information contained in those materials, and (viii) all copies, excerpts or summaries of those materials ("Discovery Material").

2. <u>Designation of Written Discovery Material as Confidential</u>.    If a person, whether a party or third party, is required to provide Discovery Material that discloses confidential information, that person may designate the Discovery Material as Confidential ("Confidential Discovery Material").

Confidential Discovery Material shall be designated as "Confidential" by stamping or otherwise placing the legend "Confidential" on the Discovery Material in a manner that will not interfere with its legibility.  The "Confidential" designation shall be made on electronic files in such a way as not to delete the metadata or to eliminate the word searchable functionality.  If the Confidential Discovery Material cannot have the legend "Confidential" stamped or otherwise placed thereon, it will be designated "Confidential" in a written notice to all counsel of record or in any other manner deemed acceptable by the parties. Confidential Discovery Material designated as "Confidential" pursuant to this paragraph shall be subject to all of the provisions of this Order regarding "Confidential Discovery Material."

3. <u>Designation of Deposition Testimony as Confidential</u>.    A non-party giving a deposition or a party may designate deposition testimony as "Confidential" pursuant to this

Order by an appropriate indication on the record at the deposition, or by written notice of the specific pages and lines of testimony within twenty (20) days after designating counsel's receipt of the transcript of the deposition. If a deposition or any part thereof is designated "Confidential," each party shall attach a notice of confidentiality to all copies of the deposition within its possession, custody or control. Deposition testimony shall be treated as if it has been designated as Confidential pursuant to this Order for a period of twenty (20) days after receipt of a copy of the complete deposition transcript by a party to permit the party or testifying third party to review the transcript and designate the information disclosed therein as Confidential. Any deposition testimony that is designated as "Confidential" will be considered to be "Confidential Discovery Material" for the purpose of this Order and will be treated in the same manner as "Confidential Discovery Material" and will be subject to all of the provisions of this Order regarding "Confidential Discovery Material."

    4.    <u>Restrictions on Access to and Disclosure of Confidential Discovery Material</u>. Any and all Confidential Discovery Material may only be used for the purpose of this litigation, and not for any business, competitive or other purpose. Confidential Discovery Material may not be disclosed to any persons except pursuant to paragraph 5.

    5.    <u>Permitted Disclosures</u>. Confidential Discovery Material may be disclosed only to the following persons:

        a.    This Court, jury, and any appellate court with jurisdiction over this case;

        b.    Counsel for the parties and their support personnel whose functions require access to such material;

        c.    The parties to this action;

  d.  Persons who provide deposition testimony or other persons who provide testimony in this action;

  e.  Outside vendors who perform photocopying, computer classifications or similar clerical functions, but only for so long as necessary to perform those services;

  f.  Court reporters and other persons engaged in preparing transcripts of testimony or hearings for this action; and

  g.  Consulting or testifying experts that are retained or consulted by a party's counsel for assistance in the preparation or prosecution of claims or defenses in this action.

The persons listed in paragraphs "b" through "g" of this section are bound by the terms of this Order; provided, however, prior to giving Confidential Discovery Material to the persons in paragraphs "d" and "f", counsel shall provide those persons with a copy of this Protective Order, and prior to giving Confidential Discovery Material to the persons in paragraphs "e" and "g," counsel shall provide such persons with copies of this order, and obtain the person's written consent to be bound by this Order.

  6. <u>Attendance at Depositions</u>. If any party wishes to use Confidential Discovery Material in a deposition, then all persons except those authorized by this Order to receive the Confidential Discovery Material shall be excused from the deposition during the time such material is being used or discussed.

  7. <u>Use of Confidential Discovery Material other than as Specified in this Order</u>. If any party believes that particular Confidential Discovery Material should not be treated as Confidential pursuant to the provisions of this Order, then it may so notify the opposing party

and the person making the designation (if appropriate) of its objection in writing and state the basis for that objection. Within ten (10) days of its receipt of that notice, the opposing party and the person making the designation must notify the other party in writing whether it insists on the material being treated as Confidential as specified in this Order or the material will be deemed not to be "Confidential." If the parties are unable to reach an agreement regarding the status of Confidential Discovery Materials, then the objecting party shall file a motion with this Court seeking relief from this Order. Except as provided above, the parties shall continue to treat the Confidential Discovery Material as originally designated and to use it only in the manner authorized by this Order until this Court rules that it may be treated otherwise; provided, however, that the person designating the Confidential Discovery Material as Confidential shall have the burden to prove qualification for protection under this Order.

8. <u>Filing of Documents Containing Confidential Discovery Material with the Court</u>. Any deposition transcript, pleading, motion, memorandum or other paper filed with the Court which includes or discloses any Confidential Discovery Material pursuant to this Order shall be identified with the words "CONFIDENTIAL – RESTRICTED ACCESS PURSUANT TO COURT ORDER" and shall be filed and maintained under seal until further Order of this Court. Filing the document under seal shall not bar any of the parties from unrestricted use or dissemination of those portions of the document that do not contain Confidential Discovery Material.

9. <u>No Restriction on Material Independently Obtained or Publicly Available.</u> Nothing in this Order shall be deemed in any way to restrict the use of documents or information that are lawfully obtained or publicly available to a party independent of discovery in this action, whether or not the same material has been obtained during the course of discovery in the case,

and whether or not such documents or information have been inadvertently designated "Confidential."

10. <u>Exemption for Authors and Recipients of Confidential Discovery Material</u>. Nothing in this Order shall be deemed to prohibit disclosure of any Confidential Discovery Material to any person who appears from the content of the documents to be an author or a recipient of the Confidential Discovery Material.

11. <u>No Waiver of Objections</u>.   Nothing in this Order shall constitute a waiver of a party's or third party's right to object to the production of Discovery Material or to demand more stringent restrictions upon the treatment and disclosure of any Discovery Material on the ground that it contains information that should be protected from discovery, such grounds including, but are not limited to, claims for attorney-client privilege, work product privilege, litigation privilege, or any other ground of privilege or immunity.

12. <u>No Limitation of Party's Use of Own Discovery Material or Request for Modification of this Order</u>.   Nothing in this Order limits the right of a party or third party to disclose or to authorize disclosure of Confidential Discovery Material produced by that person. Any party may apply to the Court for modification of this Order at any time.

13. <u>Inadvertent Disclosure</u>.   Inadvertent disclosure of Discovery Material to an opposing party without identifying the same as Confidential Discovery Material shall not be deemed a waiver of confidentiality with regard to the Discovery Material inadvertently disclosed, nor shall it be deemed a waiver of confidentiality with regard to similar Discovery Material. Any such Discovery material inadvertently disclosed without the applicable designation shall promptly be identified by the producing party, receiving party, or third party with a demand that it be marked with the appropriate designation of "Confidential" as required

by this Order. If a party or third party inadvertently produces any information which the party believes is subject to a claim of attorney-client privilege, work product privilege or any other privilege or immunity, such production shall in no way prejudice or constitute a waiver or estoppel of any claim of attorney-client privilege, work product privilege, or other ground of privilege for withholding production of such information to which the party or third party would otherwise be entitled. Any such inadvertently produced information shall be returned promptly to the party or third party upon request, and the receiving party shall destroy all copies upon request. Within fourteen (14) days of the return of such information, the party or third party claiming the privilege must list it on a written privilege log.

14. <u>Use of Confidential Discovery Material at Hearings or Trial</u>. Restrictions on the use or disclosure of Confidential Discovery Material as specified in this Order shall continue during any trial or hearing in this case. The use of such Confidential Discovery Material as evidence at trial or hearing in this case shall be subject to such protection as the Court specifies in the Pretrial Order.

15. <u>Post-Litigation Treatment of Confidential Discovery Material</u>. No later than sixty (60) days after the unappealed or unappealable final judgment or settlement of this action, all Confidential Discovery Material, shall be returned to the producing party or third party or destroyed by shredding.

16. <u>Continuing Effect of this Order</u>. Neither the termination of this action nor the termination of employment of any person who had access to any Confidential Discovery

Material shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Order.

DATED this 8th day of September, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____ _____
Lyle E. Strom, Senior Judge
United States District Court

| | |
|---|---|
| /s/ William F. Hargens | /s/ Gene Summerlin |
| William F. Hargens, NE #16578 | Gene Summerlin (#19611) |
| Ruth A. Horvatich, NE #24776 | Kamron Hasan (#25494) |
| McGrath North Mullin & Kratz, PC LLO | Husch Blackwell LLP |
| First National Tower, Suite 3700 | 13330 California St., Suite 200 |
| 1601 Dodge Street | Omaha, Nebraska 68154 |
| Omaha, Nebraska 68102 | (402) 964-5000 |
| (402) 341-3070 | (402)964-5050 fax |
| (402) 341-0216 fax | gene.summerlin@huschblackwell.com |
| whargens@mcgrathnorth.com | kamron.hasan@huschblackwell.com |
| rhorvatich@mcgrathnorth.com | |
| | |
| Attorneys for Plaintiffs | Attorneys for Defendant Southard Financial, LLC |
| | |
| | /s/ Richard M. Carter |
| | Richard M. Carter (TN B.P.R. #07285) |
| | Adam J. Eckstein (TN B.P.R. #27200) |
| | Martin Tate Morrow & Marston PC |
| | 6410 Poplar Avenue, Suite 1000 |
| | Memphis, TN  38119-4839 |
| | (901) 522-9000 |
| | (901) 527-3746 fax |
| | rcarter@martintate.com |
| | aeckstein@martintate.com |
| | |
| | -and- |
| | |
| | Jill Robb Ackerman (NE #17623) |
| | Baird Holm LLP |
| | 1700 Farnam St. |
| | Suite 1500 |
| | Omaha, NE  68102-2068 |

(402) 344-0500
(402) 344-0588 fax

Attorneys for Defendants Kelly Finnell and Executive Financial Services, Inc.

9